296 P.2d 751

STATE of New Mexico, ex rel. Mrs. V. F. ADAIR and G. T. Rea, Petitioners,

v.

The Honorable Edwin L. SWOPE, Judge of Division Three of the District Court of the Second Judicial District of the State of New Mexico, Respondent.

No. 6054.

Supreme Court of New Mexico.

April 24, 1956.

Irving E. Moore, Albuquerque, for petitioners.

Richard H. Robinson, Atty. Gen., Fred M. Standley, Asst. Atty. Gen., for respondent.

Grantham, Spann & Sanchez, Albuquerque, for Atchison, T. & S. F. Ry. Co.

COMPTON, Chief Justice.

This is an original proceeding in prohibition to restrain respondent from proceeding further in a Valencia County case, wherein State of New Mexico, ex rel. The Attorney General of New Mexico is plaintiff and Otis Q. Criswell, William H. De Parcq, I. L. Furlow, Sydney J. Hayter and the Atchison, Topeka and Santa Fe Railway Company are defendants, and to compel respondent to rescind an order previously entered by him directing the taking of relators' depositions.

The decision turns on whether respondent has jurisdiction of the Valencia County case, and we readily conclude that he has. The history of the case is illuminating. The complaint, by its first cause of action, alleges that the defendant Criswell claimed a right of action for damages against the defendant Atchison, Topeka and Santa Fe Railway Company, arising out of an accident occurring near Mountainair, New Mexico, on January 16, 1953; that the defendant DeParcq, an attorney of the Illinois bar, was employed by Criswell to collect and prosecute his claim; that said cause of action was filed by De Parcq in Creek County, Oklahoma, for and on behalf of Criswell; that the employment of DeParcq for Criswell was solicited by the defendants Hayter and Furlow in violation of § 18–1–28 et seq., New Mexico Statutes, 1953 Compilation. By a second cause of action it is alleged that Hayter and Furlow are not attorneys and are not licensed to practice law in New Mexico; that De Parcq,

Hayter and Furlow were engaged in a course of conduct and operated a scheme and device to obtain the employment of DeParcq as attorney to collect personal injury claims arising in New Mexico against various railway companies operating in New Mexico, including the defendant Atchison, Topeka and Santa Fe Railway Company; that prospective claimants are solicited by Hayter and Furlow to employ De-Parcq as attorney on a contingent fee basis; that Hayter and Furlow are paid a portion of the attorney fee charged by De-Parcq for their services in soliciting claims for him. The action then sought to enjoin Criswell from continuing the employment of De Parcq; to enjoin the Atchison, Topeka and Santa Fe Railway Company from negotiating a settlement of his claim with De Parcq, Hayter or Furlow; to enjoin De Parcq, Hayter and Furlow from soliciting employment in New Mexico of any attorney in the prosecution of claims against railway companies; and, to enjoin De Parcq from soliciting employment personally or through his agents, or dividing fees with them.

The defendant Atchison, Topeka and Santa Fe Railway Company admitted the allegations of the complaint. By cross-claim, it sought to permanently enjoin the further acts of the defendants De Parcq, Hayter and Furlow in such unlawful activities.

. Thereafter, a consent decree was entered by the defendants Hayter and Furlow, whereby they were permanently enjoined from such further solicitation of employment in the prosecution of claims arising within New Mexico and from sharing in fees charged by attorneys in the prosecution of such claims. So much for the Valencia County case.

De Parcq now represents Mrs. Adair in an action brought by her in Oklahoma against the Atchison, Topeka and Santa Fe Railway Company, growing out of the accidental death of her husband in New Mexico in 1955, and a motion was filed by the Attorney General for authority to take depositions of relators who reside in Clovis, New Mexico. An order was entered by respondent granting such authority, but relators refused to answer certain questions propounded to them by deposition. They were cited into court for refusal to answer, and after a hearing, the court entered an order compelling them to do so. It was at this stage of the proceeding we issued our alternative writ.

 Relators argue that the judgment entered against Hayter and Furlow is final as to all defendants, including Criswell and De Parcq. They mistake the effect of the judgment. Neither Criswell nor De Parcq have been served with process and the cause is pending as to them. Likewise, the cross-claim of the defendant, Atchison, Topeka and Santa Fe Railway Company, is pending. Whether Hayter and Furlow, or either of them, were instrumental, directly or indirectly, in soliciting Mrs. Adair's

claim for De Parcq, is still a proper subject of inquiry in determining whether Hayter or Furlow may have violated the orders of the court. Clearly, the court retains jurisdiction to make such determination. Furthermore, relators are in no position to raise the jurisdictional question, not being parties to the Valencia County suit.

It follows that the alternative writ of prohibition was improvidently granted and should be vacated. It is so ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.